GEORGE B. RICHARDS *vs.* SAMUEL SWEETLAND & another.

It is not the duty of an administrator, at the request and for the benefit of the heirs at law of his intestate, to inventory, or to institute proceedings to recover, certain real estate which once belonged to the intestate, but which has been set off on an execution issued against him, upon a judgment obtained by fraud.

THIS was an appeal from a decree of the judge of probate for this county, for the removal of the appellant as the administrator of the estate of William Sweetland, deceased.

The case was submitted to the court, upon the facts stated in the petition of the appellees, and the answer thereto of the appellant; the decree to be reversed, or the case to stand for trial, as the whole court should direct.

The appellees, Samuel Sweetland and Charlotte Gorton, both of Providence in the state of Rhode Island, represented, in a petition to the judge of probate, that they were the heirs at law of William Sweetland, late of Attleborough, deceased, of whose estate George B. Richards was appointed administrator; that the deceased died seized of certain real estate, of which the administrator had refused to return an inventory, which real estate was taken from the deceased on an execution in favor of Nancy Sweetland, issued on a judgment founded in fraud and covin; that at the time of rendering the judgment, and issuing the execution thereon, the deceased

was *non compos mentis* and insane; that they had repeatedly applied to the administrator, to return an inventory of the said real estate, and to take the necessary legal steps, for the recovery of the same, with which request the administrator had refused to comply, although the petitioners had offered him a bond of indemnity, to save him harmless against any loss from complying with such request. Wherefore the petitioners prayed, that the administrator might be removed from his trust, and some suitable and proper person appointed in his place. At the hearing of the petition before the judge of probate, the appellant protested against being removed from his trust of administrator, as therein prayed for, on the following grounds : —

1st. That there was no complaint against him for maladministration of the deceased's estate; but only that he would not permit his name to be used, for the purpose of obtaining a writ of review in the action of Nancy Sweetland against the deceased, in which judgment was rendered against the latter and partly satisfied by a levy on real estate.

2d. That the cause above stated was not sufficient to authorize the removal of the respondent as administrator, unless the petitioners should show probable grounds of defence to the action, and that injustice had been done by the judgment rendered therein.

3d. That the respondent's intestate died on the 28th of January, 1849, almost nine years after the judgment was rendered; and that neither he, nor any of his friends, who knew the circumstances under which the same was obtained, ever moved in the matter during his lifetime.

4th. That the time limited by law for such review had long since elapsed.

5th. That after the levy of the execution, and before the death of the intestate, the real estate levied on passed by the will of Nancy Sweetland to her sister, and from the latter by will to the heirs of John W. Sweetland, deceased, who were in peaceable possession thereof, under an apparently good title, at the time of the death of the respondent's intestate; and, consequently, that the respondent's intestate did not die seized and possessed of the same.

6th. That the respondent had returned an inventory of all the real estate, of which the intestate died seized, that had come to his knowledge.

The judge of probate thereupon passed a decree, removing the respondent from his trust of administrator of the estate of William Sweetland, and the respondent appealed. The reasons of appeal were substantially the same as the grounds of objection contained in the answer to the petition.

*T. D. Eliot,* for the appellant.

*N. Morton,* for the appellees.

METCALF, J.   We find no legal cause for removing this administrator.   The complaint against him is, that he refuses to inventory, or to take the necessary legal steps to recover, certain real estate which once belonged to his intestate, and which was set off upon an execution that issued on a judgment recovered against him, several years before his decease. That judgment and execution the appellees allege to have been founded on fraud and covin ; the intestate being *non compos mentis* and insane, when the judgment was rendered and when the execution was issued.   Supposing these allegations to be true, yet we know of no law which requires the administrator to interpose.   It is his duty to return an inventory of the intestate's real estate, and of all his goods, &c., which are by law to be administered ; and he may take into his possession, and may sell, on license, real estate which the intestate may have conveyed with intent to defraud his creditors, if the personal assets are insufficient to pay his debts. But this is for the benefit of creditors only.   Heirs cannot reclaim property fraudulently conveyed by their ancestor.   In the present case, however, it is not alleged that the intestate made a fraudulent conveyance, nor that the land which was extended on the execution complained of, is needed for the payment of his debts.   The fraud, which is charged, is fraud in the party who obtained judgment, as is averred, against the intestate while he was insane.   But if this were so, and if that judgment could, for that reason, be treated as void, yet the administrator would have no interest in the land with which the judgment was satisfied, nor any right of entry, or

right to bring a real action to recover possession of it. The heirs alone would have a right to the land and to the remedies for obtaining it.

If there be any remedy in the case set forth by these appellees, (of which we give no opinion,) it would seem to be a writ of entry by the heirs, or a writ of error brought by them or by the administrator. If they can maintain a writ of error, in their own names, and reverse the judgment against the intestate, they want no assistance against the administrator; and if a writ of error, for their benefit, can be sued only in the name of the administrator, they may sue it in his name, on tendering him indemnity, and therefore do not need his removal.

*Decree reversed.*